IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE RANDOLPH, )
)
      Plaintiff, )
)
v. ) Case No. 16-1063-JPO
)
QUIKTRIP CORPORATION, )
)
      Defendant. )

# ORDER IN LIMINE

This case arises from plaintiff's June 19, 2015 fall on a wet floor at defendant's convenience store in Wichita, Kansas. Plaintiff alleges defendant was negligent by failing to maintain the store in a safe condition and to properly warn him of a hazardous condition. He claims the fall injured his right knee, necessitating surgery. Defendant has filed a motion to exclude the testimony of plaintiff's treating surgeon, Dr. Pat Do, regarding Dr. Do's opinion on the cause of plaintiff's right knee injuries (ECF No. 67). Because the court finds Dr. Do's opinion testimony reliable, it is not subject to exclusion and the motion is denied.

Dr. Do, an orthopedic surgeon, is one of plaintiff's treating physicians. Plaintiff was referred to Dr. Do by his primary care physician after plaintiff complained of continuing pain in his right knee. Dr. Do performed arthroscopic surgery on the knee. On May 3, 2017, plaintiff's counsel deposed Dr. Do for the purpose of trial. Dr. Do opined that components of plaintiff's knee injuries were related to the fall and that any pre-existing knee conditions

plaintiff had may have been aggravated by the fall. On cross-examination, however, Dr. Do testified that in treating plaintiff, he did not "[w]orry about causation,"[1] and that he had not been asked to offer an opinion about whether plaintiff had a torn meniscus prior to the fall.

Defendant's motion is a bit muddled. In the "legal standard" section of the motion, defendant discusses the standards governing the admissibility of expert testimony under Fed. R. Evid. 702 and *Daubert*.[2] But in the subsequent "argument" section of the motion, defendant largely fails to discuss Rule 702/*Daubert's* applicability to Dr. Do's testimony and instead addresses the wholly separate issue of whether plaintiff can satisfy his burden of proof on the causation element of negligence with only the testimony. Facing this ambiguity, the court will construe the motion as it is framed: as requesting the exclusion of Dr. Do's testimony under Rule 702 and *Daubert*.

Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

---

[1] ECF No. 67-1, Do depo. trans. at 29:12–23.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

> (d) the expert has reliably applied the principles and methods to the facts of the case.

The court has a "gate-keeping" obligation to determine the admissibility of all expert testimony.[3] Expert testimony is admissible "only if it is both relevant and reliable."[4] All proffered expert testimony must be properly grounded, well-reasoned, and not speculative before it may be admitted.[5] The reliability analysis applies to all aspects of the expert's testimony, including the facts underlying the opinion, the methodology, and the link between the facts and the conclusion drawn.[6]

Although the court has broad discretion in deciding whether to admit or exclude expert testimony,[7] the court is mindful that exclusion of expert testimony should be "the exception, not the rule."[8] The gate-keeping function of the court does not replace the

---

[3] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (citing *Daubert*, 509 U.S. at 593-94, 597).

[4] *Id.* Although the court must also determine that an expert is qualified to give the opinion, defendant does not challenge Dr. Do's qualifications.

[5] *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

[6] *Parker v. Wal-Mart Stores, Inc.*, 267 F.R.D. 373, 375 (D. Kan. 2010) (citing *Starling v. Union Pac. R. Co.*, 203 F.R.D. 468, 475 (D. Kan. 2001)).

[7] *Kieffer v. Weston Land, Inc.*, 90 F.3d 1496, 1498 (10th Cir. 1996) (quoting *Orth v. Emerson Elec. Co.*, 980 F.2d 632, 637 (10th Cir. 1992)).

[8] *United States v. Reulet*, No. 14-40005-DDC, 2015 WL 7078917, at *2 (D. Kan. Nov. 13, 2015) (quoting Rule 702 Advisory Committee Notes (2000) (noting that "a review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule")); *see also In re Universal Serv. Fund Tel. Billing Practices Litig.,* No. 02-MD-1468, 2008 WL 4382141, at *1 (D. Kan. Sept. 26, 2008); *Aerotech Res., Inc. v.*

traditional adversary system and the role of the jury.[9]  Questions related to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility.[10]  "The weight and credibility of expert testimony are for the trier of fact to determine."[11]  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[12]

Defendant's motion seems to be arguing that Dr. Do's testimony about the cause of plaintiff's injuries must be excluded as unreliable.[13]  Defendant asserts that Dr. Do "never

---

*Dodson Aviation, Inc.*, No. 00-2099, 2001 WL 474296, at *2 (D. Kan. Apr. 4, 2001). *Cf. Robinson v. Mo. Pac. R.R.*, 16 F.3d 1083, 1090 (10th Cir. 1994) ("Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions.  The jury is intelligent enough . . . to ignore what is unhelpful in its deliberations." (internal citation and quotations omitted)).

[9]*Daubert*, 509 U.S. at 596.

[10]*First Speciality Ins. Corp. v. Ward N. Am. Holding, Inc.*, No. 04-2359, 2006 WL 6225115, at *2 (D. Kan. Nov. 1, 2006) (citing *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).  *See also United States v. Varoz*, 740 F.2d 772, 775 (10th Cir. 1984) (ruling the jury must weigh the expert's testimony based on the facts and premises underlying the opinion).  *Cf. U.S. Surgical Corp. v. Orris Inc.*, 983 F. Supp. 963, 967 (D. Kan. 1997) (finding that lack of specialization of an expert "does not affect the admissibility of the opinion, but only its weight").

[11]*First Speciality*, 2006 WL 6225115, at *2; *see also Jacklovich v. Simmons,* 392 F.3d 420, 429 (10th Cir. 2004); *Varoz*, 740 F.2d at 775.

[12]*Daubert,* 509 U.S. at 596.

[13]*See* ECF No. 67 at 9.

examined whether Plaintiff's meniscus was torn prior to the fall,"[14] and "never reviewed Plaintiff's records from his prior knee surgeries or any radiological reports from the intervening time between those surgeries and Plaintiff's fall."[15]

Upon review of Dr. Do's deposition transcript, the court finds that although his opinion as to causation may not be particularly persuasive, it is sufficiently reliable to be admissible. As this court recognized in *Watson v. Taylor*, "A treating physician often forms an opinion about the cause of an injury . . . based upon his examination of a patient. Courts therefore have allowed doctors to testify at trial concerning any medical opinions that they formed during the course of treatment with respect to plaintiff's injuries [and] their cause."[16] When the treating physician does not state with certainty the cause of the plaintiff's condition, "that does not render his testimony unreliable."[17] Moreover, defendant has cited no case supporting his argument that an expert's failure to consider all prior medical records renders the expert's opinion inadmissible. Dr. Do testified about the facts he did consider (including a pre-operative MRI, his pre-operative examination of plaintiff, his observations during the surgery, and plaintiff's reports of pain) in reaching his opinions. Thus, his

---

[14]*Id*. at 8.

[15]*Id.*

[16]No. 05-2014, 2006 WL 6901064, at *3 (D. Kan. July 31, 2006) (internal quotations and citations omitted).

[17]*Id.*

testimony does not lack a factual foundation.[18]  Rather, the issues raised by defendant regarding the medical records and/or factors Dr. Do did *not* consider in reaching his conclusions go to the credibility and weight afforded to his testimony, not to admissibility.[19]  These issues are for the jury to decide.

Defendant's motion to exclude Dr. Do's testimony is denied.  Even if defendant later asserts a viable argument that Dr. Do's testimony fails to satisfy plaintiff's burden on causation, that does not make the testimony, as given, unreliable.

IT IS THEREFORE ORDERED that defendant's motion to exclude the testimony of Dr. Do is denied.

Dated May 18, 2017.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[18] *See Robinson*, 16 F.3d at 1090.

[19] *See Varoz*, 740 F.2d at 775 (ruling the jury must weigh the expert's testimony based on the facts and premises underlying the opinion); *Watson*, 2006 WL 6901064, at *3–4 (rejecting argument that opinions of plaintiff's medical expert are unreliable because they were based on plaintiff's subjective complaints of pain and expert did not differentiate between pre- and post-operative pain; holding these argument went to the credibility and weight to be afforded the testimony but not to admissibility).