IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE RANDOLPH, )
)
        Plaintiff, )
)
v. ) Case No. 16-1063-JPO
)
QUIKTRIP CORPORATION, )
)
        Defendant. )

## ORDER IN LIMINE

This case arises from plaintiff's fall on a wet floor at defendant's convenience store in Wichita, Kansas. Plaintiff alleges defendant was negligent by failing to maintain the store in a safe condition and to properly warn him of a hazardous condition. He seeks damages for medical expenses, lost wages, and non-economic pain and suffering. A jury trial is scheduled to begin May 23, 2017. Currently before the court are the parties' motions in limine (ECF Nos. 55, 56, & 58). As explained below, plaintiff's motion is granted in part and denied in part, and defendant's motion is denied.[1]

**I. Governing Legal Standards**

In ruling on motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a

---

[1]This limine order supplements the court's April 24, 2017 order adopting the parties' stipulation to exclude evidence related to six specified categories. ECF No. 53.

motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.[2]

## II. Plaintiff's Motion in Limine, As Supplemented (ECF Nos. 55, 58)

Plaintiff moves the court to preclude the introduction of evidence about (and reference to) five matters. As explained below, plaintiff's motion is granted in part and denied in part.

1. Collateral Sources of Medical Payments and Paid Leave

Plaintiff first moves the court to preclude testimony and argument about the collateral source of his medical payments. Defendant does not object to this request. Because the parties entered a joint stipulation, which the court approved, excluding at trial "[r]eferences to any collateral source payments for plaintiff's medical expenses or lost wages such as earned time off,"[3] this limine request is granted.

2. Arguments and Opinions that Plaintiff's Medical Treatment was Not Appropriate, Reasonable, or Related to the Incident

---

[2] *BHC Dev., LC v. Bally Gaming, Inc.*, No. 12-2393, 2014 WL 524665, at *7 (D. Kan. Feb. 10, 2014) (quoting *Schipper v. BNSF Ry. Co.*, No. 07-2249, 2009 WL 997149, at *1 (D. Kan. Apr. 14, 2009) and *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000)).

[3] ECF No. 53 at 1.

The parties here agree that plaintiff bears the burden of establishing that the medical expenses he claims arose out of medical treatment caused by the fall at defendant's store. They also agree that, although plaintiff may not recover for expenses related solely to any ailment or disability that existed before the fall, if the fall aggravated a preexisting ailment or disability then plaintiff may recover for medical expenses caused by any increased suffering and disability that resulted.[4]

Plaintiff moves the court to exclude testimony from lay witnesses and argument from counsel that the medical treatment plaintiff received was not appropriate, reasonable, or causally related to his fall at defendant's store. Plaintiff asserts that any such opinion would require specialized medical knowledge that only a disclosed expert witness could provide.[5] Defendant has not disclosed an expert witness on this topic.

Defendant concedes that his witnesses may not testify in this regard. Defendant asserts, however, that defense counsel should be permitted to argue plaintiff did not meet "his burden of proving causation for each of his claimed damages"[6] if such argument is supported by the testimony of plaintiff's treating physician, Dr. Pat Do, given at Dr. Do's evidentiary

---

[4]ECF No. 59 at 14 (joint set of agreed jury instructions) (stating, although "[p]laintiff is not entitled to recover for any physical ailment, defect, or disability that existed prior to the occurrence, . . . if the plaintiff had a preexisting physical ailment, defect or disability and you find this condition was aggravated or made active causing increased suffering or disability, then the plaintiff is entitled to recover for such increased suffering and disability").

[5]See Fed. R. Evid. 701 & 703.

[6]ECF No. 61 at 2.

deposition. Defendant states that, to the extent Dr. Do's testimony does not support causation, "Defendant will argue that Plaintiff's medical expenses were due to Plaintiff's pre-existing condition, as opposed to any fault of Defendant's."[7]

Plaintiff's request is granted in part and denied in part. First, the court agrees with defendant that counsel (for both sides) may argue to the jury what Dr. Do's expert testimony suggests regarding whether plaintiff's medical treatment was appropriate, reasonable, and/or causally related to his fall at defendant's store. To the extent Dr. Do testified that plaintiff's medical treatment was or could be due to a pre-existing condition, defense counsel will be permitted to discuss that testimony in his opening and closing arguments. However, defense counsel will <u>not</u> be permitted to argue that claimed medical expenses were due to plaintiff's pre-existing condition where such an argument is not supported by Dr. Do's testimony. In other words, even if Dr. Do's testimony can support an argument that plaintiff's medical treatment was not the result of the fall, it is not necessarily true that such testimony supports an argument that the medical treatment was necessitated by a pre-existing condition, as opposed to some other cause, except where the testimony says as much.

Second, plaintiff's request is granted to the extent that all agree lay witnesses may not express an opinion on whether plaintiff's medical treatment was appropriate, reasonable, or causally related to the fall. Under Fed. R. Evid. 701, witnesses not testifying as experts may only express opinions based on "the witness's perception" and "not based on scientific,

---

[7]*Id.*

technical, or other specialized knowledge." Defendant argues that this rule should prohibit plaintiff from testifying that his medical care was "reasonable or related to the incident."[8] The court will not permit plaintiff to express opinions requiring specialized medical knowledge, but this ruling does not prevent plaintiff from testifying about his personal perception of facts related to his injuries and treatment. For example, nothing prevents plaintiff from testifying about how his right knee felt after the fall and what treatment he sought as a result of such feeling. Defendant, of course, is free to cross-examine plaintiff about any such testimony.

      3.      <u>Plaintiff's Unrelated Medical Conditions and Treatment</u>

Next, plaintiff seeks to exclude evidence of the injuries and conditions he suffered, and the treatment he received (both prior and subsequent to the fall) which are unrelated to the right knee injuries he claims in this case. Specifically, plaintiff moves the court to prohibit mention of "[a]rthritic changes to any portion of [plaintiff's] body not related to the injuries claimed to the right knee."[9] Plaintiff argues such evidence is not relevant under Fed. R. Evid. 401 and, in any event, should be excluded under Fed. R. Evid. 403 because it could easily confuse the jury's evaluation of plaintiff's claims. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be

---

[8]*Id.*

[9]ECF No. 55 at 4. Plaintiff further sought the specific exclusion of evidence and argument related to injuries to his fingers, left knee, and right hip. Defendant has agreed to this request, so this portion of the motion is now moot.

without the evidence; and (b) the fact is of consequence in determining the action." As to juror confusion, Rule 403 provides that although relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As defendant notes, the parties' court-approved stipulation precludes at trial any "[q]uestioning and testimony regarding any injuries other than those for which plaintiff seeks damages (i.e., anything other than plaintiff's right knee)."[10] Thus, the parties appear to be in agreement that medical conditions and treatment unrelated to plaintiff's right knee are irrelevant and evidence of such is prohibited.

The parties disagree, however, about what specific mention may be made about the causes of plaintiff's right knee injuries and treatment. Defendant asserts that its counsel should be permitted to "argue that Mr. Randolph's claimed injuries are due, at least in part, to arthritis and long-term degenerative changes to his knee, rather than any trauma from the incident at Defendant's store."[11]

As noted above, the parties submitted a jointly proposed jury instruction recognizing that, although "[p]laintiff is not entitled to recover for any physical ailment, defect, or disability that existed prior to the occurrence, . . . if the plaintiff had a preexisting physical

---

[10] ECF No. 53 at 1.

[11] ECF No. 61 at 3.

ailment, defect or disability and you find this condition was aggravated or made active causing increased suffering or disability, then the plaintiff is entitled to recover for such increased suffering and disability."[12] Under the Rule 401 relevancy standard, the court has little trouble finding that evidence of arthritis and long-term degenerative changes to plaintiff's right knee could shed light on facts material to how the jury answers questions of causation. Moreover, such evidence is highly probative to what medical damages (if any) are recoverable in this case, and the danger of potential unfair prejudice or confusion is low. Particularly given the high probative value of this evidence, the court does not find plaintiff has met his burden under Rule 403 at this time.

Of course, as discussed under Heading 2 above, defense counsel may not argue that plaintiff's right-knee injuries are due to arthritis and long-term degenerative changes, rather than to the trauma resulting from the fall, unless such argument can be supported by evidence that comes into the case.

4. Topics Unrelated to an Issue or Claim

Plaintiff asks the court to exclude as irrelevant any mention of "topics unrelated to any issue or claim raised in the present case."[13] Specifically, plaintiff seeks to exclude testimony and questions about: "1. Whether Plaintiff made any purchases at the subject QuikTrip location on the date of the subject incident; 2. Whether Plaintiff purchase[d] his TRICARE

---

[12]ECF No. 59 at 14.

[13]ECF No. 55 at 4.

health coverage at a "discounted rate" compared to other health insurance plans; 3. Whether Plaintiff has patronized QuikTrip stores prior or subsequent to the subject incident; 4. Whether Plaintiff has a high impression of QuikTrip stores; and 5. Whether Plaintiff holds the opinion that QuikTrip is focused on safety for their customers." He argues that such topics are not related to any issue or claim in the case and will "confuse the jurors' evaluation of the essential claims made by Plaintiff."[14]

Defendant does not object to exclusion of topics 1 and 2, so plaintiff's motion is granted as to those topics.

With respect to topic 3 (whether plaintiff has patronized QuikTrip stores prior or subsequent to the subject incident) defendant argues that the fact of plaintiff's prior (but not subsequent) visits is relevant to defendant's contention that "[p]laintiff was comparatively at fault for failing to be properly aware of his surroundings."[15] Defendant asserts that plaintiff's many visits to QuikTrip stores with nearly identical layouts supports defendant's contention that plaintiff failed to keep a proper lookout in light of his familiarity with the store. The court agrees that plaintiff's familiarity with defendant's store layout is relevant to the jury's determination of plaintiff's fault. Plaintiff has failed to meet his burden of showing such evidence should be excluded as irrelevant, at least prior to trial. To the extent plaintiff also contends that the jurors would be confused by such evidence (a statement he

---

[14]*Id.*

[15]ECF No. 61 at 4.

makes in conclusory fashion, without a supporting explanation), the court will save for trial any ruling on objections made on this basis.

With respect to topics 4 (whether plaintiff has a high impression of QuikTrip stores) and 5 (whether plaintiff believes that QuikTrip is focused on safety for their customers), defendant argues that plaintiff's affirmative testimony on these points will counter plaintiff's contention that defendant failed to maintain a safe store environment. Defendant concedes that if plaintiff does not advance a theory of the case involving the safety of the store, then such evidence is irrelevant. Plaintiff replies that topics 4 and 5 have no tendency to prove the condition of the store or actions of QuikTrip employees on the date of the fall. The court does not have enough information at this juncture, without the context of trial, to make a definitive ruling excluding testimony on these topics. This portion of plaintiff's motion is denied, without prejudice to plaintiff reasserting his objections at trial.

5. <u>Questions and Testimony Regarding the Legal Standards for Workers Compensation Claims</u>

Finally, plaintiff seeks to exclude questions asked and testimony given at the evidentiary deposition of Dr. Do that relate to workers compensation claims. Plaintiff argues,

> As the legal standards in a Workers Compensation claim are not applicable or relevant to the negligence claim at bar, any questions or testimony regarding Workers Compensation claims or the legal standards in such claims should be excluded from evidence as it has little to no probative value and is likely to

confuse or mislead the jury as to the proper and applicable legal standards for a negligence case under Kansas law.[16]

Defendant concedes the "prevailing factor" standard applicable in workers compensation cases (i.e, whether an accident was the prevailing factor in causing a claimant's injury) is not the standard applicable to plaintiff's negligence claim and that discussion of the prevailing factor standard would likely confuse the jury.[17] The court agrees. Plaintiff's motion is granted in this respect.

**III.    Defendant's Motion in Limine (ECF No. 56)**

Defendant moves the court to exclude evidence or reference by counsel to "safety rules."[18] The motion is denied.

1.   References to "Safety Rules"

Defendant seeks to exclude testimony or argument concerning "safety rules" or stating that a goal of retail establishments is to keep customers "safe," or words to that effect.[19] Defendant asserts that the "plaintiff's bar has implemented a concept commonly known as

---

[16]ECF No. 58 at 2.

[17]Defendant notes, however, that Dr. Do's testimony in this regard "will aid the Court in determining if Dr. Do can opine about whether Plaintiff's knee surgery was necessitated by Plaintiff's fall, and whether Plaintiff has sufficient evidence to support a claim for damages." ECF No. 61 at 6. Those questions are before the court in a separate motion to exclude portions of Dr. Do's testimony (ECF No. 67).

[18]Defendant withdrew the portion of its motion seeking to exclude certain testimony by Dr. Do. *See* ECF No. 63 at 1. Defendant now makes this request in a separate motion. ECF No. 67.

[19]ECF No. 56 at 5.

'the Reptile theory,'" by which the jury is "encouraged to decide a lawsuit in favor of the defendant based upon fear, generated by plaintiff's counsel, that a verdict in favor of the defendant will harm the safety of the community, and, thus, the juror."[20] Defendant argues that "safety" is not the relevant legal standard of care in this case (rather, a premises owner owes its patrons the duty of "reasonable care" and to warn of dangerous conditions), so plaintiff should be precluded from attempting to win a verdict based on igniting jurors' "survival mode."[21]

Plaintiff recognizes that "reasonable care" is the applicable standard to which defendant should be held. But he notes the factors the jury will be instructed to consider in evaluating whether defendant exercised reasonable care in maintaining the store involve elements of safety (as broadly defined by defendant). Specifically, Kansas pattern jury instruction 126.02, which the parties included in their joint set of agreed jury instructions, states:

> In order to determine whether the occupier of land exercised reasonable care in maintaining the land you shall consider the following factors:
>
> 1) The foreseeability of harm to the plaintiff;
>
> 2) The magnitude of the risks of injury to others by maintaining the land in such a condition;
>
> 3) The individual and *social benefit* of maintaining the land in such a condition; and

---

[20]*Id.* at 3.

[21]*Id.* at 5.

4) The cost and inconvenience of *providing adequate protection* incurred by the occupier of the land.[22]

The court has no trouble concluding that defendant's self-imposed safety rules are relevant to these factors. Thus, testimony and questions that speak to these "reasonable care" factors will not be excluded at this juncture. The court will instruct the jury to apply the "reasonable care" standard and obviously will not instruct the jury that defendant had a duty "to insure the safety" of its customers. Defendant's motion is denied, but without prejudice to defendant making objections at trial based on specific questions and testimony offered. Under Fed. R. Evid. 403, if the probative value of offered evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury, the court will exclude it at that time or offer a clarifying instruction such as the one suggested in defendant's reply brief.[23]

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion in limine (ECF No. 55) is granted in part and denied in part. Plaintiff's supplemental motion in limine (ECF No. 58) is granted.

2. Defendant's motion in limine (ECF No. 56) is denied.

Dated May 18, 2017.

---

[22]PIK-Civil 4th, 126.02 (emphasis added).

[23]ECF No. 63 at 3.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge